UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
BRUNO PIERRE,

        Plaintiff,

  -against-

HILTON ROSE HALL RESORT & SPA,
HILTON RESORTS CORPORATION, ROSE
HALL ASSOCIATES, LLC and ROSE HALL
OPERATING ASSOCIATES, LLC,

        Defendants.
------------------------------------------------------------ X

**MEMORANDUM AND ORDER**

14 Civ. 3790 (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Bruno Pierre ("Plaintiff") filed this diversity action against Defendants Hilton Rose Hall Resort & Spa, Hilton Resorts Corporation, Rose Hall Associates, LLC and Rose Hall Operating Associates, LLC (collectively, "Defendants"), seeking damages for personal injuries that he allegedly sustained on August 9, 2013, while vacationing at a Jamaican resort that, at the time, was owned and operated by Defendants. See generally Amended Complaint, ECF No. 24-1. The parties have consented to my jurisdiction for all purposes. See ECF No. 10.

Currently before this Court is Plaintiff's motion to reopen discovery, which was orally made at the May 6, 2016 status conference. For the following reasons, Plaintiff's motion is **denied**.

**I.    BACKGROUND**

An initial conference was held in this matter on October 8, 2014, during which a discovery schedule was set. See ECF No. 11. At the time, fact and expert discovery were to be completed by April 8, 2015, and April 30, 2015, respectively. Id. During the conference, the Court raised the question of whether Plaintiff would seek discovery in Jamaica, including

1

whether Plaintiff planned to retain an expert to inspect the subject pool, and noted that discovery outside the United States can often take significant time to complete.  See 10/8/2014 Minute Entry.

On March 4, 2015, this Court held a status conference at which a schedule was set for Plaintiff to take four non-party depositions, including those of: (1) a lifeguard; (2) property manager; (3) property record keeper; and (4) an individual who completed an incident report, all of whom were believed to have information related to and/or knowledge of the circumstances of Plaintiff's injury.  See ECF No. 13.  The fact and expert discovery deadlines were likewise extended to May 30, 2015, and August 31, 2015, respectively.  Id.

On May 11, 2015, this Court held a status conference during which a detailed plan was set for Plaintiff to conduct depositions of Defendants' representatives and third-party depositions of Defendants' former employees.  See ECF No. 20.  Again, the fact and expert discovery deadlines were extended to July 31, 2015, and November 6, 2015, respectively.  Id.

On July 17, 2015 and July 31, 2015, this Court held two status conferences at which, in consultation with Defendants' counsel, Plaintiff's counsel was directed to pursue document discovery related to the subject pool's design either by way of Defendants' production of documents related to same, or Plaintiff's own inspection of possibly relevant documents in Jamaica.  See ECF No. 26; 7/31/2015 Order.  During the July 17th conference, the Court also raised the prospect of pursuing discovery from the architect of the Jamaican resort on the belief that he/she may have documents relevant to the pool design.  See 7/17/2015 Minute Entry.

At Plaintiff's counsel's insistence, Defendants' counsel subsequently invested significant resources reviewing documents stored in Florida, which did not yield relevant information.  Plaintiff's counsel declined to review the documents in Florida.  See ECF No. 34.

During an October 1, 2015 status conference, this Court extended the fact and expert discovery deadlines—yet again—to November 20, 2015, and January 15, 2016, respectively. See ECF No. 36. During this same conference, a schedule for Defendants' anticipated motion to preclude Plaintiff's pool-design expert ("Daubert motion") was set. Id.

After the Court discussed scheduling with the parties during two November 2015 conferences, see 11/5/2015 & 11/17/2015 Orders, an April 11, 2016 trial date was set, see 2/24/2016 Order. Following the close of discovery, Defendants' fully briefed Daubert motion was filed on March 11, 2016, see ECF Nos. 51-53, and subsequently granted a week later, see ECF Nos. 55-56. As Plaintiff's pool-design expert had been precluded, Defendants sought, and were granted, leave to file a motion for summary judgment rather than proceed to trial. See ECF No. 55.

On April 21, 2016—just one day before Defendants' motion for summary judgment was to be served—chambers received a telephone call from Defendants' counsel, Nicholas Kauffman, Esq., and Plaintiff's now-current counsel, Douglas Milch, Esq., during which Mr. Milch indicated his intention to take over Plaintiff's representation from then-current counsel, Ruben Davidoff, Esq. and Jesse Squier, Esq. of Davidoff & Associates, P.C. See 4/21/2016 Order. Due to the potential change in counsel, this Court adjourned the pending summary-judgment-motion schedule and scheduled a conference to discuss how the action should proceed. Id.

On May 5, 2016, Mr. Milch was substituted as Plaintiff's counsel. See 5/5/2016 Order. On May 6, 2016, this Court held an in-person conference, which Mr. Milch and Mr. Kauffman attended. See 5/6/2016 Minute Entry. During the conference, Mr. Milch orally requested to reopen discovery in order to retain a new expert witness to inspect to the subject pool. After

3

hearing argument from counsel, this Court denied Plaintiff's motion to reopen discovery, with this written decision to follow.

## II.  ANALYSIS

Rule 16(b) of the Federal Rules of Civil Procedure requires a court to issue a scheduling order to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(1), (b)(3)(A).  Once a schedule is imposed under Rule 16, it "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

A party seeking to reopen discovery bears the burden of establishing good cause. Spencer v. Int'l Shoppes, Inc., 06 Civ. 2637 (AKT), 2011 U.S. Dist. LEXIS 91281, at *3 (E.D.N.Y. Aug. 16, 2011) (citing Trebor Sportswear Co., Inc. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989)).  "The Second Circuit has held that the trial court 'may properly deny further discovery' where there has been 'a fully adequate opportunity for discovery' and may consider whether additional discovery would produce dispositive evidence."  Jacobs v. New York City Dep't of Educ., 11 Civ. 5058 (MKB), 2015 U.S. Dist. LEXIS 158517, at *8 (E.D.N.Y. Nov. 25, 2015) (quoting Trebor Sportswear, 865 F.2d at 511-12) (affirming the denial of a request to reopen discovery by the nonmoving party on a motion for summary judgment due to adequate discovery time and the failure to offer a "persuasive basis . . . to conclude that further discovery would yield proof" that would change the outcome of the case); see Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 925-27 (2d Cir. 1985) (denying further discovery because the party had "ample time in which to pursue the discovery").

Courts have applied the following six-part test to analyze a request to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the

4

> need for additional discovery in light of the time allowed for
> discovery by the district court, and 6) the likelihood that the
> discovery will lead to relevant evidence.

Spencer, 2011 U.S. Dist. LEXIS 91281, at *3-4 (citing Pharmacy, Inc. v. Am. Pharm. Partners, Inc., 05 Civ. 776 (AKT), 2008 U.S. Dist. LEXIS 73293, at *8-9 (E.D.N.Y. Sept. 24, 2008) (citations omitted)); see Jacobs, 2015 U.S. Dist. LEXIS 158517, at *9-10 (applying these factors to plaintiff's request to reopen discovery); Fed. Ins. Co. v. Mertz, 12 Civ. 1597 (NSR) (JCM), 2015 U.S. Dist. LEXIS 132690, at *17-19 (S.D.N.Y. Sept. 29, 2015) (upholding the determination by a magistrate judge that good cause to reopen discovery had not been shown by applying these factors). Upon review of these six factors, Plaintiff has not shown good cause to reopen discovery.

First, trial in this action was previously scheduled to commence on April 11, 2016, nearly one month before Plaintiff first sought to reopen discovery. The trial was adjourned only after Defendants argued that they possessed a good-faith basis to move for summary judgment given the preclusion of Plaintiff's proposed pool-design expert. In other words, but-for Defendants' request to move for summary judgment which, as opposed to trial, could potentially prevent the waste of scarce Court and public resources, the trial in this matter would have concluded weeks ago. Thus, this factor weighs against the reopening of discovery.

The second and third factors—whether the request is opposed and prejudice to the non-moving party—are intertwined. Defendants oppose the request to reopen discovery and, relatedly, argue that they will be prejudiced by the reopening of discovery insofar as they will be burdened by the expense—in terms of both time and money—of traveling to and from Jamaica (i.e., where the subject pool is located), additional depositions, and their own expert retention. As Defendants noted at the May 6, 2016 conference, Plaintiff pursued unproductive discovery in

the United States, including the two-session deposition of Defendants' corporate counsel, rather than attempting to pursue discovery in Jamaica, which Defendants offered to facilitate via their good offices with the new owners of the Jamaican resort. Defendants argue that, had Plaintiff pursued discovery in Jamaica, Defendants' own trial-preparation strategy would have been significantly different, including pursuing depositions of non-party witnesses in Jamaica. Moreover, much, if not all, of the new discovery sought by Plaintiff would negate the prior discovery exchanged by the parties, thus rendering Defendants' expenditures during the original discovery period for naught. Accordingly, these factors weigh against reopening discovery.

As to the fourth factor, Plaintiff was not diligent in seeking discovery prior to the close of the January 2016 discovery deadline. Plaintiff had upwards of sixteen months to conduct discovery, including no fewer than three extensions of the fact- and expert-discovery deadlines. See ECF Nos. 11, 13, 20, 36. Moreover, the parties affirmatively discussed with the Court several discovery steps Plaintiff might have pursued, including discovery in Jamaica, see ECF Nos. 13, 20; 7/17/2015 Minute Entry; 7/31/2015 Order, but evidently failed to pursue, which would have likely provided much of the information Plaintiff now seeks via an inspection of the subject pool and analysis by a new expert.

Although it may be argued that Plaintiff's former counsel could have more vigorously pursued these avenues of discovery, as with "all litigants," Plaintiff is "bound by the concessions of freely retained counsel," including tactical discovery decisions. Jackson v. Fed. Express, 766 F.3d 189, 198 (2d Cir. 2014) (quoting Bergerson v. N.Y. State Office of Mental Health, 652 F.3d 277, 289 (2d Cir. 2011)); see Scott v. N.Y.C. Dep't of Corr., 445 F. App'x 389, 391 (2d Cir. 2011) ("[T]he magistrate judge did not abuse his discretion in concluding that the apparent negligence of [Plaintiff]'s former attorney was not sufficient to establish 'good cause' for

amending the scheduling order under Fed. R. Civ. P. 16(b).")); Gotlin v. Lederman, 04 Civ. 3736 (ILG) (RLM), 2007 U.S. Dist. LEXIS 97983, at *9-10 (E.D.N.Y. May 7, 2007) (explaining that "absent a sufficient justification for the movant's delay, the Court should decline to grant an application to reopen discovery), adopted by 2007 U.S. Dist. LEXIS 52310 (E.D.N.Y. July 19, 2007). In sum, Plaintiff has already had a more than adequate opportunity to pursue the discovery he now seeks. See Trebor Sportswear, 865 F.2d at 511 ("[T]rial court may properly deny further discovery if the non-moving party has had a fully adequate opportunity for discovery."); Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927 (2d Cir. 1985) (denying further discovery because plaintiff had "ample time in which to pursue the discovery that it now claims is essential"); see also Fed. R. Civ. P. 26(b)(2)(C)(ii) (court "must" limit scope of discovery where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"). This factor, thus, weighs against reopening discovery.

As to the fifth factor, Plaintiff was provided ample time to pursue discovery, and there has been no intervening event which should have triggered a need for additional discovery. In fact, at a March 18, 2016 conference, during which oral argument was held on Defendants' Daubert motion, Plaintiff's trial counsel—Supriya Kichloo—stated that Plaintiff was ready to proceed to trial. See 3/18/2016 Transcript, ECF No. 57, pp. 24, 26.

Finally, although the last factor to be considered—whether the requested material is likely to lead to the discovery of admissible evidence—arguably weighs in favor of reopening discovery, it is insufficient against the backdrop of the overwhelming strength of the other factors. This is particularly true as the discovery Plaintiff now seeks—expert inspection of the subject pool—has essentially already taken place as Plaintiff previously retained an expert to

7

opine on the pool design (albeit an expert who this Court found unqualified and precluded from testifying). As such, although the discovery Plaintiff intends to pursue if discovery is reopened is relevant, he essentially seeks to redo discovery that should have been, but was not, previously sought and/or duplicate expert discovery already completed, but in hopes of more success this time.[1]

Taken as a whole, this Court finds that Plaintiff has not demonstrated good cause to reopen discovery.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to reopen discovery is **denied**.

Dated: Brooklyn, New York
May 11, 2016

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

---

[1] Although the Court observes that Plaintiff's counsel could have more diligently pursued discovery, this is not to say that it ultimately would have resulted in success at trial, as Defendants may be correct that the subject pool was not defectively designed or that Defendants committed any other negligence.